UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at PIKEVILLE

| | | |
|---|---|---|
| ANTONIO CRAWFORD, | ) | |
| Petitioner, | ) ) ) | Civil No. 7:20-009-WOB |
| v. | ) ) | |
| HECTOR JOYNER, Warden, | ) ) | **MEMORANDUM OPINION AND ORDER** |
| Respondent. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Antonio Crawford is an inmate at the United States Penitentiary – Big Sandy in Inez, Kentucky. Proceeding without a lawyer, Crawford filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. [R. 1]. This matter is now before the Court on initial screening pursuant to 28 U.S.C. § 2243. *See Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). For the reasons set forth below, the Court will deny Crawford's petition.

In 2011, Crawford pled guilty in federal court to two counts related to bank robbery, and the trial court subsequently sentenced him to 96 months in prison. *See United States v. Antonio Crawford*, No. 1:11-cr-00500 (N.D. Ill. 2013). Then, in 2014, Crawford pled guilty to mailing threatening communications, and the trial court sentenced him to a consecutive 70-month prison term. *See United States v. Antonio Crawford*, No. 1:13-cr-10048 (C.D. Ill. 2015).

Crawford has now filed a § 2241 petition with this Court. [R. 1]. As an initial matter, Crawford's submission is very difficult to follow. That said, it is clear that Crawford is trying to collaterally attack his underlying convictions and sentences, and he puts forth several numbered arguments (or "counts") in support of his requests for relief. [*See id.* at 7-9]. Among other things, Crawford claims that: (1) at least one of the trial courts "failed to take into consideration the nature of offense and Mr. Crawford's character;" (2) one of the trial courts miscalculated his sentencing

guidelines range; (3) the prosecutor assigned to one of his cases failed to disclose certain material evidence; (4) the trial court in his first case "failed to group two robbery convictions;" (5) the trial courts failed to adequately consider that Crawford suffered from a mental illness; and (6) at least one of the trial courts failed to properly apply a provision of the sentencing guidelines. [*See id.*]. These are just some of the claims that Crawford puts forth in his submission, which this Court has fully reviewed. Ultimately, Crawford asks this Court to order the Bureau of Prisons to release him from confinement. [*See id.* at 9].

Crawford's § 2241 petition, however, constitutes an impermissible collateral attack on his underlying convictions and sentences. While a federal prisoner may challenge the legality of a conviction and sentence on direct appeal and in a § 2255 motion, he generally may not do so in a § 2241 petition. *See United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001) (explaining the distinction between a § 2255 motion and a § 2241 petition). After all, a § 2241 petition is usually only a vehicle for challenges to actions taken by prison officials that affect the way the prisoner's sentence is being carried out, such as computing sentence credits or determining parole eligibility. *See Terrell v. United States*, 564 F.3d 442, 447 (6th Cir. 2009). Simply put, Crawford cannot use a § 2241 petition as a way of challenging his underlying convictions and sentences.

To be sure, there are limited exceptions under which federal prisoners have been permitted to challenge the validity of their convictions or sentences in a § 2241 petition. However, the United States Court of Appeals for the Sixth Circuit has explained that a prisoner can only proceed in this manner if he can demonstrate that an intervening change in statutory law establishes his actual innocence, *see Wooten v. Cauley*, 677 F.3d 303, 307-08 (6th Cir. 2012), or shows that his sentence was improperly enhanced, *see Hill v. Masters*, 836 F.3d 591, 599-600 (6th Cir. 2016). In this case, Crawford has not made such a showing. In fact, Crawford has not clearly identified any intervening change in statutory law, let alone a change that establishes his actual innocence or

shows that one of his sentences was erroneously enhanced. Instead, it appears that Crawford is trying to litigate claims that could only be asserted on direct appeal and/or in a § 2255 motion.

Accordingly, it is **ORDERED** that:

1. Crawford's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [R. 1] is **DENIED**.

2. This action is **DISMISSED** and **STRICKEN** from the Court's docket.

3. A corresponding Judgment will be entered this date.

This 22nd day of January, 2020.

Signed By:
*William O. Bertelsman* WOB
United States District Judge